```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

       APR 24 2025
          AT SEATTLE
     CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
  BY                        DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATASHA MARIE O'DELL,<br><br>Defendant. | NO. CR24-229 JNW<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller, and Assistant United States Attorney Todd Greenberg of the Western District of Washington, and NATASHA MARIE O'DELL and her attorney Sara Brin, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B).

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

//
//
//

Plea Agreement – Page 1
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Information:

    a. *Damage to Religious Property*, in violation of Title 18, United States Code, Section 247(a)(1) and (d)(3), as charged in Count 1.

    b. *Obstruction of Persons in the Free Exercise of Religious Beliefs*, in violation of Title 18, United States Code, Section 247(a)(2) and (d)(3), as charged in Count 2.

    c. *Arson*, in violation of Title 18, United States Code, Section 844(i), as charged in Count 3.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

    a. For the offense of *Damage to Religious Property*:

First, Defendant intentionally damaged or destroyed any religious property;

Second, Defendant did so because of the religious character of the property;

Third, the offense was in or affected interstate or foreign commerce; and

Fourth, the offense included the use of fire.

    b. For the offense of *Obstruction of Persons in the Free Exercise of Religious Beliefs*:

First, Defendant intentionally obstructed or attempted to obstruct any person in the enjoyment of that person's free exercise of religious beliefs;

Second, Defendant did so by using force against any religious real property;

Third, the offense was in or affected interstate or foreign commerce; and

Fourth, the offense included the use of fire.

Plea Agreement – Page 2
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  c. For the offense of *Arson*:

  First, Defendant used means of fire;

  Second, Defendant maliciously damaged or destroyed any building or other real property;

  Third, the building or other real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of *Damage to Religious Property* are as follows: A maximum term of imprisonment of 20 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that the statutory penalties applicable to the offense of *Obstruction of Persons in the Free Exercise of Religious Beliefs* are as follows: A maximum term of imprisonment of 20 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that the statutory penalties applicable to the offense of *Arson* are as follows: A maximum term of imprisonment of 20 years, a mandatory minimum term of imprisonment of five years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement – Page 3
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

Plea Agreement – Page 4
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement – Page 5
*United States v. O'Dell*, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

**7.**     **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

**8.**     **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

> On August 25, 2023, at approximately 1:30 a.m., Natasha Marie O'Dell intentionally started a fire at the Seattle Laestadian Lutheran Church (SLLC) at 22420 102nd Ave SE in unincorporated Snohomish County, Washington. The SLLC was clearly marked as a church, including a sign with the church's name and a large cross emblazoned on the south wall of the building. As a result of the fire, the church building was destroyed and had to be razed to the ground. The insurance company, Church Mutual Insurance, valued the loss at $3,238,093.22
>
> Approximately 90 minutes prior to the fire, O'Dell purchased two lighters and 1.3 gallons of gasoline at a Shell station located near the SLLC. O'Dell then went to an acquaintance's house in Woodinville, Washington, carrying the gasoline in a red container. O'Dell told the acquaintance that she was going to burn down a nearby church, referring to the SLLC. Earlier that day, O'Dell spoke with another acquaintance and made negative remarks about churches in general and specifically about the SLLC.
>
> O'Dell later took an Uber ride to the SLLC, arriving at approximately 1:20 a.m. O'Dell approached the SLLC on foot, carrying the red gasoline container concealed in a shopping bag. She ducked under the parking lot gate and approached the main entrance of the church. O'Dell discarded the shopping bag into a dumpster and carried the gasoline can to the church entrance. She then poured gasoline along the walls of the church and on wooden benches near the main doors. O'Dell ignited the gasoline with a lighter and flames quickly spread along the ground and church walls. O'Dell then discarded the gasoline can and walked away from the building and off of the SLLC property.
>
> At approximately 2:30 a.m., firefighters with the Snohomish County Fire Marshal's Office responded to the fire after several 911 calls. Upon arrival, the firefighters observed a large fire with the church building engulfed in flames.

Plea Agreement – Page 6
*United States v. O'Dell*, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The SLLC building was used in interstate and foreign commerce and in activities affecting interstate and foreign commerce, and therefore O'Dell's offense conduct affected interstate and foreign commerce. For example, SLLC members made donations and conducted fundraising through various interstate means such as Zelle, Text-to-Give, and the One Church app; the SLLC is part of the larger Laestadian Lutheran Church (LLC) organization that is headquartered in Minnesota and pays to send delegates to annual meetings in Minnesota; the SLLC pays monthly dues to the larger LLC organization based on the number of its members; the SLLC participates in a church exchange program whereby ministers travel between various LLC churches located throughout the United States, Canada, and elsewhere; LLC members from out-of-state and Canada occasionally attend SLLC services when they are in Washington; SLLC members participate in missions and charity work locally and internationally, with costs funded by the SLLC and LLC; and the SLLC operated a small bookstore where members could purchase religious items through transactions processed over PayPal (based on San Jose, California) and One Church (based in Florida).

The fire that O'Dell set obstructed the SLLC's parishioners' free exercise of religious beliefs. The fire destroyed the entire church building, including the religious objects located inside the church. Thereafter, the congregation was not able to hold services at the church. For some period, the congregation did not hold services at all. Since then, the SLLC has been holding services at a middle school two or three times per week, paying to rent the space. The rented space is significantly smaller than the destroyed church building; therefore, the SLLC members are not able to have all of their usual religious gatherings.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    A base offense level of 24, pursuant to USSG § 2K1.4(a)(1), because Defendant's offense knowingly created a substantial risk of serious bodily injury to any person other than a participant in the offense.

Plea Agreement – Page 7
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree they are free to present arguments regarding the applicability of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Count 3 of the Indictment and not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

**12.    Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victim of Defendant's crimes, the Seattle Laestadian Lutheran Church. In exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty pleas including losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

    a.    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

    b.    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial

Plea Agreement – Page 9
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

        c.       The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

**13.  Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States

Plea Agreement – Page 10
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

14.  **Waiver of Appellate Rights and Rights to Collateral Attacks.**

Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any

Plea Agreement – Page 11
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**15.     Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

**16.     Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

Plea Agreement – Page 12
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 24th day of April, 2025.

_____
NATHASHA MARIE O'DELL
Defendant

_____
SARA BRIN
Attorney for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

Plea Agreement – Page 13
United States v. O'Dell, CR24-229 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970